# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2017, 7:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard Walker
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Breon M. Davenport, *Appellant-Defendant,* | February 28, 2017 |
| v. | Court of Appeals Case No. 48A02-1604-CR-954 |
| | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Mark K. Dudley, Judge |
| | Trial Court Cause No. 48C06-1505-F2-791 |

**Mathias, Judge.**

[1] Breon M. Davenport ("Davenport") appeals the Madison Circuit Court's order revoking his probation and ordering him to serve his two-year placement in in-home detention executed in the Department of Correction.

[2] We affirm.

## Facts and Procedural History

[3] On May 27, 2015, seventeen-year-old Davenport and his accomplices stole marijuana from the victim, and during the robbery, Davenport's accomplice shot the victim in the hand and thigh. The next day, Davenport was charged as an adult with Level 2 felony aiding, inducing, or causing robbery resulting in serious bodily injury, Level 3 felony aiding, inducing, or causing armed robbery, and Level 3 felony aggravated battery.

[4] On October 20, 2015, Davenport pleaded guilty to Level 5 felony aiding, inducing, or causing robbery, a lesser included offense of the Level 2 felony robbery charge, in exchange for dismissal of the remaining charges. On November 17, 2015, Davenport was ordered to serve a five-year sentence with three years suspended to probation. The remaining two years were ordered executed in in-home detention.

[5] After serving approximately thirty days in in-home detention, Davenport removed his ankle bracelet[1], and his whereabouts became unknown. Therefore, on January 6, 2016, a warrant was issued for his arrest. Davenport was arrested on February 9, 2016.

[6] Davenport was taken to the Madison County Youth Center. While the center was processing Davenport's arrest, Davenport jumped over a counter, grabbed a fire extinguisher, and ran into the security booth. The door automatically locked behind Davenport. A Youth Center employee was trapped inside the booth with Davenport, and he warned her not to open the door. Using the fire extinguisher, Davenport smashed the security automated systems electronic control panel, which controlled the locks for the facility, and damaged two window panes. The incident continued for approximately ten minutes until law enforcement personnel were able to calm Davenport and remove him from the security booth.

[7] At the probation revocation hearing, Davenport admitted that he took substantial steps toward commission of a new criminal offense, i.e. Level 6 felony escape. The trial court also found that he "took substantial steps in the commission of the new criminal offense of Criminal Mischief, Class A

---

[1] The State also alleged that Davenport committed theft of the ankle bracelet. However, at the revocation hearing, Davenport stated that he returned the device to the appropriate authority. The trial court found that the State failed to prove that Davenport committed theft.

misdemeanor" for the acts Davenport committed on February 9, 2016 during intake at the Youth Center.

[8] After concluding that Davenport violated terms of his probation, the court observed that he "received a break when [he] got sentenced to In-Home as opposed to the DOC for a Level 5 felony. That was a heck of a break. And by your actions you've lost that break . . . ." Tr. p. 59. Therefore, the trial court revoked Davenport's placement in in-home detention and ordered him to serve his two-year in-home detention executed in the Department of Correction. Davenport was given credit for time served. He now appeals.

## Discussion and Decision

[9] Trial courts have the authority to place convicted persons in home detention rather than in the Department of Correction. *State v. Vanderkolk*, 32 N.E.3d 775, 776-77 (Ind. 2015). "Home detention may be imposed as either a condition of probation or as an alternative placement that is part of an offender" community corrections program." *Id*. at 777. Either way, the placement is a conditional liberty given at the discretion of the trial court, and we review the trial court's revocation thereof under the same standard. *Id.*

[10] Our standard for reviewing a probation revocation is well settled.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than

incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[11] Davenport received a substantial benefit from his plea agreement and a lenient sentence for the Level 5 felony robbery conviction. He was given the opportunity to spend two years in in-home detention instead of the Department of Correction. However, he failed to take advantage of the leniency afforded him.

[12] After serving approximately thirty days of In-Home Detention, Davenport cut off his ankle monitor and escaped. When he was arrested over a month later, he locked himself and a Youth Center employee in a security booth, and caused over $3,000 worth of damage to the Youth Center.

[13] For these reasons, we conclude that the trial court acted within its discretion when it revoked Davenport's probation and ordered him to serve his two-year placement in in-home detention executed in the Department of Correction.

[14] Affirmed.

Baker, J., and Pyle, J., concur.